UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br>v.<br><br>ONE OR MORE UNKNOWN TRADERS IN THE SECURITIES OF FORTRESS INVESTMENT GROUP, LLC<br><br>Defendants. | Civil Action No.  17 - cv - 1287 |

## TEMPORARY RESTRAINING ORDER FREEZING ASSETS, GRANTING OTHER RELIEF, AND ORDER TO SHOW CAUSE

On the *ex parte* Application of Plaintiff Securities and Exchange Commission (the "Commission") for a Temporary Asset Freeze, Order to Show Cause, and Other Relief (the "Application"), the Commission seeks an order: (1) freezing assets; (2) requiring Defendants' identification; (3) requiring repatriation of assets; (4) preventing document alteration or destruction; (5) expediting discovery in this action; (6) providing for alternative service of process against Defendants; and (7) requiring Defendants to show cause why the Court

should not issue a Preliminary Injunction and impose other relief against them. The Court has considered the Complaint, the Commission's Application and supporting Memorandum of Law, the Declaration of Thomas B. Bosch, and the Declaration of W. Shawn Murnahan.

Based on the forgoing documents, the Court finds that a proper showing, as required by Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), has been made for the relief granted herein, for the following reasons:

1. The Court has jurisdiction over the subject matter of this action and over Defendants. Defendants are one or more unknown purchasers of the securities of Fortress Investment Group, LLC, who purchased between February 10 and 14, 2017. The stock of Fortress Investment Group, LLC is traded on the New York Stock Exchange, the network servers for which are in this district.

2. The Commission has made a sufficient and proper showing that there is a reasonable inference that Defendant violated Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)), and Rule 10b-5 (17 C.F.R. § 240.10b-5).

3. It appears from the evidence presented that an order freezing Defendants' assets, including but not limited to assets located at the financial institutions

identified below, is necessary to preserve the status quo and to protect the Court's ability to award relief in the form of disgorgement of illegal profits from the violations, prejudgment interest, and civil penalties.

4. It appears that an order requiring each Defendant and any agents of any Defendant to promptly to submit identifying information to this Court and the Commission, including: (a) Defendant's name, all business and residential addresses, postal box numbers, telephone numbers, facsimile numbers, e-mail addresses and nationality; and (b) a listing of each account with any financial institution or brokerage firm maintained by the Defendant or for Defendant's direct and indirect beneficial interest, is appropriate.

5. It appears that an order directing Defendants to repatriate assets to the United States is necessary to protect this Court's ability to award relief in the form of disgorgement of illegal profits from the violations, prejudgment interest, and civil penalties.

6. It appears that an order prohibiting Defendants from destroying, altering, or concealing records of any kind, including documents concerning the allegations in the Complaint or the assets or finances of any Defendants, is necessary to ensure compliance with the asset freeze imposed and to protect the integrity of this litigation.

7. It appears that an order directing expedited discovery is necessary due to the expedited nature of these proceedings.

8. It appears that the Commission will encounter undue delay serving the Defendants through means agreed upon by the Hague Convention or authorized under the Federal Rules of Civil Procedure, and it is, thus, appropriate to authorize service by alternative means that comports with constitutional notions of due process. The alternative means of service proposed by the Commission (i.e., via Defendants' brokers and other agents with whom they have regular contact) are reasonably calculated, under all the circumstances, to apprise the Defendants of the pendency of the action and afford them an opportunity to present their objections.

9. Good and sufficient reasons have been shown why a procedure other than by notice of motion is necessary. It is appropriate for the Court to issue this Order *ex parte* so that prompt service on appropriate financial institutions can be made first, thus preventing the dissipation of assets.

10. This Court has jurisdiction over the subject matter of this action and over Defendants, and venue properly lies in this District.

**I.**

**IT IS HEREBY ORDERED** that, pending further order of this Court, Defendants and their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Order in accordance with this Order, hold and retain within their control and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets in their possession, custody or control in accounts maintained in the name of or for the benefit of Defendants. Specifically, frozen assets include, but are not limited to:

**Maybank Kim Eng Securities Pte. Ltd. ("Maybank") Trades**

- **UBS Securities LLC** – the proceeds of the sales of Fortress stock sold on February 15, 2017 that are held in account No. 220-46301 in the name of Maybank, or in any other account in Maybank's name;

- **UBS Ltd. and/or UBS AG London Branch** – the proceeds of the sales of Fortress stock sold on February 15, 2017 that are held in or subject to withdrawal from any Maybank account at UBS Ltd. and/or UBS AG, London Branch; and

- **Maybank** – the accounts of the Maybank customers who are the beneficial owners of the proceeds of the Fortress stock sold on February 15, 2017.

### R.J. O'Brien Ltd. ("RJO") Trades

**RJO Ltd.** – the accounts of the RJO Ltd. customers who purchased Fortress contracts for difference between February 10 and 14, 2017, and exited their positions in and/or sold those CFDs on or after February 15, 2017.

This Order also encompasses any other accounts into which the proceeds of the Fortress securities transactions can be traced, including accounts to which the proceeds may have been transferred.

## II.

**IT IS FURTHER ORDERED** that, each Defendant, and each Defendants' agents, servants, employees, attorneys-in-fact, and persons in active concert or participation who receive actual notice of this Order, shall submit in writing to this Court and the Commission within two (2) business days following service of this Order, the following identifying information:

(A) all names by which each Defendant is known, all business and residence addresses, postal box numbers, telephone numbers, facsimile numbers, email addresses, and the nationality of Defendant; and

(B) each account with any financial institution or brokerage firm maintained in any Defendant's name or held for the direct or indirect beneficial interest of any Defendant, from December 1, 2016 through the present,

including, but not limited to, each account through which each Defendant directed securities transactions between February 10 and 15, 2017, or in which proceeds from such transactions were held.

### III.

**IT IS FURTHER ORDERED** that Defendants and each of their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmissions, electronic mail or overnight delivery service, and each of them, shall, within five (5) days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any and all funds or assets that presently may be located outside of the United States that were obtained directly or indirectly from the trading at issue.

### IV.

**IT IS FURTHER ORDERED** that Defendants, and all persons or entities acting at their direction or on their behalf, are hereby enjoined and restrained from destroying, altering, concealing, or otherwise interfering with the Commission's access to, any and all documents, books, and records in the possession, custody, or control of Defendants, their agents, officers, employees,

servants, accountants, financial or brokerage institutions, or attorneys relating to the assets of Defendants or to the allegations of the Complaint.

## V.

**IT IS FURTHER ORDERED** that in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure and the Local Rules of this Court, certain discovery shall proceed of the following expedited basis: (i) the Commission is authorized to take depositions upon oral examination subject to three (3) days' notice pursuant to Rule 30(a) of the Federal Rules of Civil Procedure; (ii) all depositions in this action, unless properly noticed to take place elsewhere, shall be taken within the United States; (iii) pursuant to Rules 29, 33, 34 and 36 of the Federal Rules of Civil Procedure, each Defendant shall respond to five interrogatories and ten requests for admission by the Commission within five (5) days of service of such request and produce documents requested by the Commission within ten (10) days of service of such request; (iv) the Commission is authorized to request the production of documents from Maybank Kim Eng. Securities Pte. Ltd., R.J. O'Brien Ltd., UBS Securities LLC, UBS Ltd., and UBS AG, London Branch, each of which shall produce documents requested by the Commission within seven (7) days of service of

such request; and (v); all written responses to the Commission's discovery requests shall be delivered to W. Shawn Murnahan, Securities and Exchange Commission, 950 East Paces Ferry Road, N.E., Atlanta, Georgia 30326-1382, phone number (404) 842-7669, or such other place as counsel for the Commission may direct in writing, by overnight delivery.

## VI.

**A.**   **IT IS FURTHER ORDERED** that, pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, including the Summons, the Complaint, this Order and all documents filed in support thereof, and all other documents to be served in this action, may be made by serving such documents on any of each Defendants' brokers or agents with whom the Defendant regularly interacts, or any of those institutions' respective affiliates, successors in interest and assigns, these entities having been acting in securities matters for the Defendants.

**B.**   **IT IS FURTHER ORDERED** that, pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, including the Summons, the Complaint, this Order and all documents filed in support thereof, and all other documents to be served in this action, may be made personally, by facsimile, by overnight courier, or by mail upon each

Defendant, their attorneys, any U.S. or foreign agents identified in the prior subparagraph to the extent permitted by law, or by an alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, or as this Court may direct by further order.

## VII.

**IT IS FURTHER ORDERED** that a copy of this Order shall be served on the financial institutions identified above by personal delivery, facsimile, overnight courier, email or first class mail, and may be served by such means on any other entity or person that may have possession, custody or control of any documents or assets of the Defendants, or may be subject to any provision of this Order, and that representatives of the Commission are specially appointed by this Court to effect service.

## VIII.

**IT IS FURTHER ORDERED** that Defendants shall deliver any opposing papers in response to the Order to Show Cause by no later than ____March 3____, 2017, at noon Eastern Time. Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to W. Shawn Murnahan, Securities and Exchange Commission, 950 East Paces Ferry Road, N.E., Atlanta, Georgia 30326-1382, phone number

10

(404) 842-7669, or such other place as counsel for the Commission may direct in writing. The Commission may have until ___March 6___, 2017, at noon Eastern Time, to serve, by the most expeditious means available, any reply papers upon Defendants or their counsel, if counsel shall have made an appearance in this action.

## IX.

**IT IS FURTHER ORDERED** that Defendants show cause, if there be any, to this Court at ___10:00___ on ___March 8___, 2017, in Room ___5B___ of the Martin Luther King Building and United States Courthouse, 50 Walnut Street, Newark, New Jersey 07101, why this Court should not enter a preliminary injunction extending the asset freeze and other ancillary relief entered in this Order until final adjudication of this case on the merits.

Dated: ___Febry 24___, 2017

_____
UNITED STATES DISTRICT JUDGE

11