EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK DIVISION

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION** : | |
| : | |
| : | |
| **Plaintiff,** : | **Civil Action No.** |
| : | **2:17-CV-01287-CCF-MF** |
| **v.** : | |
| : | |
| **ONE OR MORE UNKNOWN TRADERS IN THE SECURITIES OF FORTRESS INVESTMENT GROUP, LLC** : | |
| : | |
| **Defendants.** : | |

## DECLARATION OF W. SHAWN MURNAHAN IN SUPPORT OF PLAINTIFF'S NOTICE OF SERVICE BY ALTERNATIVE MEANS ON CERTAIN UNKNOWN TRADERS IN THE SECURITIES OF FORTRESS INVESTMENT GROUP, LLC

I, W. Shawn Murnahan, pursuant to 28 U.S.C. § 1746, declare as follows:

1.     I submit this declaration in support of Plaintiff's Notice of Service by Alternative Means on Certain Unknown Traders in the Securities of Fortress Investment Group, LLC.

2.     I am Senior Trial Counsel in the Division of Enforcement of the United States Securities and Exchange Commission ("Commission") and have been a member of the Commission's staff since December 23, 2002.

3.      On February 24, 2017, the Commission moved for and this Court entered a Temporary Restraining Order Freezing Assets, Granting Other Relief, and Order to Show Cause ("TRO") [Dkt. 3.] against Certain Unknown Traders is the Securities of Fortress Investment Group, LLC ("Defendants").

4.      Section VI.A. of the TRO provides for alternative service of process pursuant to Federal Rule of Civil Procedure 4(f)(3), and provides that "service of all pleadings and other papers, including the Summons, the Complaint, this Order . . . may be made by serving such documents on any of each Defendants' brokers or agents with whom the Defendant regularly interacts . . . ."

5.      Section VI.B. of the TRO further provides that such "service . . . may be made . . . by overnight courier . . . upon . . . Defendants, their attorneys, any U.S. or foreign agents identified in the prior subparagraph . . . ."

6.      After the complaint in this case was filed on February 24, 2017, the Commission learned from counsel for Maybank King Eng. Securities Pte. Ltd. (one of the brokers identified in the Complaint as having facilitated some of the violative trades) ("Maybank"), that two other brokers were involved.  These brokers were Fidus SAL Wealth Management ("Fidus"), located in Lebanon, and Valbury Capital Ltd. ("Valbury") in London, U.K.  Fidus and Valbury were involved because each has an omnibus account of its own that trades through

Maybank.  Maybank routes those trades through its own omnibus account, as set forth in the complaint.

7.     This meant that some of the Defendants' accounts at issue were with Fidus or Valbury, not with Maybank directly.

8.     On March 17, 2017, pursuant to the TRO, I caused the following documents to be sent to brokers and/or attorneys for Defendants:

- Service letters dated March 17, 2017;

- Summons;

- Complaint [Dkt. 1.]; and

- TRO [Dkt. 3.].

True and correct copies of the service letters and the summonses are attached hereto as **Exhibit A**.

9.     The documents were sent via overnight carrier (UPS Overnight) to the following brokers:

- RJ O'Brien Ltd. (via its General Counsel's office in London, U.K.);

- Maybank (via counsel Steven Gatti, Esq., of Clifford Chance's office in Washington, D.C.);

- Valbury (via counsel Robert Falkner, Esq. of Reed Smith's office in London, U.K.);

- Fidus (via counsel Lori Sharpe Day, Esq. of the Ashcroft Law Firm's St Louis, Missouri office); and

- UBS Securities LLC (served via its Compliance Department in New York, NY) and its U.K. affiliates (served via in-house counsel Carroll Berry-Walsh in London, U.K.).

The documents also were sent via UPS Overnight to the attorneys who had previously agreed to an extension of the TRO on behalf of some Defendants, Elizabeth P. Gray, Esq. of Willkie Farr & Gallagher LLP's Washington, D.C. office and Daniel P. Filor, Esq. of Greenberg Traurig LLP's New York, NY office.

10.    UPS subsequently provided me with confirmation that these packages were delivered.  True and correct copies of those proofs of delivery are attached hereto as **Exhibit B**.

11.    Also on March 17, 2017, the Commission sent the same package to the brokers (except UBS and its affiliates, which had already identified Maybank and RJ O'Brien as its customers) and attorneys via email.  True and correct copies of those emails are attached hereto as **Exhibit C**.

12.    On March 20, 2017, RJO Ltd. confirmed by email receipt of the Commission's March 17, 2017 email and indicated that the attachments had been forwarded to its customers whose trading was identified in the Complaint.  A true and correct copy of that email is attached hereto as **Exhibit D**.

13.    On April 7, 2017, counsel for Maybank confirmed via letter that Maybank had received the Commission's March 17, 2017 email and forwarded the attachments to its customers whose trading was identified in the Complaint.  A true and correct copy of that letter is attached hereto as **Exhibit E**.

14.    On March 31, 2017, counsel for Valbury replied to a March 30, 2017 email asking for confirmation of the March 17, 2017 service email ad well as others.  (Counsel did not expressly confirm receipt, but did not deny having received the emails.)  A true and correct copy of that letter is attached hereto as **Exhibit F**.

15.    On March 19, 2017, attorney Elizabeth P. Gray of Willkie Farr & Gallagher sent an email acknowledging receipt of the service email.  A true and correct copy of that email is attached hereto as **Exhibit G**.

16.    On March 20, 2017, attorney Daniel P. Filor of Greenberg Traurig confirmed that he received the service email and had sent the documents on to his clients.  A true and correct copy of that email is attached hereto as **Exhibit H**.

17.    The Commission did not receive an acknowledgement of receipt from Lori Sharpe Day, Esq., counsel for Fidus.  On March 7, 2017, however, Ms. Day sent an email to Commission staff identifying her client, and that email message reflects the same email address for Ms. Day that was used for the March 17, 2017

service email.  A true and correct copy of Ms. Day's March 7, 2017 email to the staff is attached hereto as **Exhibit I.**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 28, 2017.

/s/W. Shawn Murnahan
W. Shawn Murnahan
